UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DERRY J. HOWARD, III,<br><br>                    Petitioner,<br><br>    v.<br><br>IDAHO ATTORNEY GENERAL and<br>STATE OF IDAHO,<br><br>                    Respondents. | Case No. 4:11-cv-00019-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court in this habeas corpus matter is Respondents' Motion for Summary Dismissal. (Dkt. 30.) All parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 13.)

Petitioner has not responded to Respondents' Motion, and the deadline for doing so has long since passed. Regardless of Petitioner's failure to respond, the Court has independently reviewed the record and concludes that Respondents' arguments for dismissal are well taken. Accordingly, the Court will grant Respondents' Motion, and the Petition will be dismissed because all claims contained therein are procedurally defaulted.

## BACKGROUND

In 2008, the State charged Petitioner with four counts of forgery. (State's Lodging A-1, pp. 92-93.) Petitioner eventually agreed to plead guilty to three of the counts in

**MEMORANDUM DECISION AND ORDER - 1**

exchange for the State's agreement to dismiss the fourth count and to dismiss a charge of attempted strangulation in a separate case. (State's Lodging A-1, pp. 126-30; State's Lodging A-2, pp. 10-11.) The State also agreed to recommend concurrent sentences and that all Idaho sentences run concurrently with Petitioner's prison sentence in Utah. (*Id.*)

The district court accepted Petitioner's guilty plea and sentenced him to fourteen years in prison with five years fixed on each of the three counts, with one of the sentences to run consecutively with the other two concurrent sentences. (State's Lodging A-1, pp. 131-33.) Petitioner's motion to reduce his sentences under Idaho Criminal Rule 35 was denied. (State's Lodging A-1, pp. 105a-b, 149-50.)

On direct appeal, Petitioner argued that his sentences were excessive and that the district court abused its discretion in denying his Rule 35 motion, but the Idaho Court of Appeals affirmed the district court. (State's Lodging B-6.) Petitioner next filed an application for post-conviction relief, which was denied without an evidentiary hearing. (State's Lodging C-1, pp. 1-3; State's Lodging C-1, pp. 37-43.)

Petitioner appealed the denial of post-conviction relief, and he was initially represented by the State Appellate Public Defender ("SAPD"), but the SAPD later filed a motion to withdraw after concluding that there were no meritorious issues to raise. (State's Lodging C-1, State's Lodgings D-1, D-2.) The Idaho Supreme Court granted the motion, over Petitioner's objection, and ordered Petition to file a pro se appellant's brief. (State's Lodging D-6.) After receiving two extensions of time, Petitioner's request for a third extension was denied, and the appeal was dismissed. (State's Lodging D-13.)

**MEMORANDUM DECISION AND ORDER - 2**

While the post-conviction appeal was still pending, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, claiming that (1) he was deprived of due process of law because the "statutory enhancements" were not charged in the indictment; (2) the Idaho Court of Appeals applied an incorrect standard of review on direct appeal; (3) Petitioner's punishment exceeds the statutory maximum, in violation of the principles set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (4) he was deprived of his Sixth Amendment right to the effective assistance of counsel because his appointed counsel had a conflict of interest; and (5) he was improperly ordered to pay restitution for forged checks that were not the basis of the charges against him. (Petition, Dkt. 2, pp. 2-8.)

Respondents moved the Court to dismiss the federal case without prejudice because the state post-conviction matter was still pending, and Petitioner eventually joined in that request. (Dkts. 15, 21.) Before the Court ruled on these motions, the state action concluded, and the Court entered an order dismissing the parties' motions as moot. (Dkt. 24.)

Respondents have since filed the pending Motion for Summary Dismissal, in which they argue that Petitioner has not properly exhausted his state court remedies as to any of the federal claims in his Petition, and because it is too late to do so, all claims are procedurally defaulted. (Dkt. 30, pp. 1-2.)

The Court has reviewed Respondents' arguments within the context of the record, and it is now prepared to issue its ruling.

**MEMORANDUM DECISION AND ORDER - 3**

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error, at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's firmly established procedural rules, the claim is procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986)*; Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman,* 501 U.S. at 750.

## DISCUSSION

In the present case, Petitioner raised no federal constitutional claims during his

**MEMORANDUM DECISION AND ORDER - 4**

direct appeal. Instead, he argued that the district court had abused its discretion in sentencing him and in denying his Rule 35 motion to reduce his sentences. These are issues that arise solely under state law and are not reviewable in a federal habeas action. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner's Petition for Review in the Idaho Supreme Court relied on the same issues that had been before the Idaho Court of Appeals.

Although Petitioner arguably raised federal constitutional claims of ineffective assistance of counsel in his petition post-conviction relief, the Idaho Supreme Court summarily dismissed his appeal after he failed to file an opening brief. Therefore, he did not present those claims properly in the state appellate courts, a necessary prerequisite for proper exhaustion, and because it is too late to return to the state courts and assert them now, *see* Idaho Code § 19-4902, they are procedurally defaulted.

A petitioner has an opportunity to excuse a procedural default if he can show a cause for the default and actual prejudice from the constitutional error. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "cause," the petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488. To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 5**

Here, Petitioner has not attempted to show cause and prejudice, and the Court is left to speculate.[1] Petitioner objected to proceeding pro se during the appeal from the denial of post-conviction relief, where claims of ineffective assistance of counsel could have been exhausted. But he did not have a constitutional right to the assistance of counsel in that proceeding, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), and the default of his claims occurred because he simply did not follow the Idaho Supreme Court's instructions to file an appellate brief.

Moreover, while the United States Supreme Court has recently held that inadequate assistance of counsel during an  "initial-review" post-conviction proceeding may, under certain limited circumstances, be an equitable (but not constitutional) reason to excuse a procedural default of claims of ineffective assistance of trial counsel, it did not extend that rule to include inadequate assistance during a post-conviction *appeal*. *See Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (noting that the rule does not apply to "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."). For that reason, any alleged errors by the SAPD during the post-conviction appeal would not supply a valid cause to excuse a default.

Accordingly, Respondents' Motion will be granted, and the Petition will be dismissed.

---

[1] There is no evidence in this record of Petitioner's actual innocence, and the fundamental miscarriage of justice exception to the doctrine of procedural default will not be discussed.

**MEMORANDUM DECISION AND ORDER - 6**

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court has on its own initiative evaluated this case for suitability of a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner has failed to properly exhaust state court remedies and that his claims are now procedurally defaulted without a showing of cause and prejudice. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

**IT IS ORDERED:**

1.      Respondents' Motion for Summary Dismissal (Dkt. 30) is GRANTED.

**MEMORANDUM DECISION AND ORDER - 7**

2.      The Petition for Writ of Habeas Corpus is DISMISSED.

3.      A certificate of appealabilty will not issue in this case. If Petitioner files a

timely notice of appeal, and not until such time, the Clerk of Court shall

forward a copy of the notice of appeal, together with this Order, to the

Ninth Circuit Court of Appeals. The district court's file in this case is

available for review online at www.id.uscourts.gov.

DATED:  **February 19, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge